OPINION OF THE COURT
CHAGARES, Circuit Judge.
Oscar Villicana-Ibarra raises, for preservation purposes, a constitutional challenge to the District Court’s use of his prior conviction to raise the statutory maximum punishment in this case. Specifically, Villicana-Ibarra argues that his Fifth and Sixth Amendment rights were violated when the maximum sentence to which he was exposed was raised from 2 to 20 years of imprisonment, based on a prior conviction that was neither charged in the indictment nor admitted or proven to a jury beyond a reasonable doubt. As Villicana-Ibarra acknowledges, the Supreme Court’s holding in Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), precludes relief in this case. We will therefore affirm the District Court’s judgment.
I.
Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts.
Villicana-Ibarra pleaded guilty to a single count of reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). The indictment contained no allegation or notice regarding any prior conviction for an aggravated felony, and Villicana-Ibarra did not admit to having sustained such a conviction at his change-of-plea hearing.
The Presentence Report (“PSR”) noted that Villicana-Ibarra’s base offense level was 8, but that he was subject to a 16-level increase under U.S.S.G. § 2L1.2 because he was deported after a conviction for an aggravated felony. Villicana-Ibarra received a 3-level downward departure for acceptance of responsibility, which resulted in an ultimate offense level of 21. That offense level, together with Villicana-Ibarra’s criminal history category of IV, ren *660 dered a Guidelines range of 57-71 months of imprisonment.
The District Court adopted the PSR calculation and sentenced Villicana-Ibarra to 60 months of imprisonment. Villicana-Ibarra filed a timely appeal.
II.
The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.
This case concerns the application of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and thus presents a question of law over which we exercise plenary review. See United States v. Barbosa, 271 F.3d 438, 452 (3d Cir.2001).
III.
Villicana-Ibarra argues that the District Court violated his Fifth and Sixth Amendment rights when it increased his maximum sentence based on a prior conviction that was neither charged in the indictment nor admitted or proved to a jury beyond a reasonable doubt. Villicana-Ibarra notes that 8 U.S.C. § 1326(a) carries a two-year maximum sentence, but that he was sentenced under § 1326(b)(2), which increases the maximum sentence to 20 years when a defendant was previously removed for conviction of an “aggravated felony.” Villicana-Ibarra argues that the indictment in his case never mentioned a prior conviction for an aggravated felony, and thus his sentence violates Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
As Villicana-Ibarra acknowledges, his argument is foreclosed by the Supreme Court’s decision in Almendarez-Torres, 523 U.S. at 235, 243, 118 S.Ct. 1219 (holding that prior convictions that increase the statutory maximum for an offense are sentencing factors, not elements of the offense, and thus may be determined by district courts by a preponderance of the evidence). Although it is true that the Apprendi Court may have questioned the reasoning of Almendarez-Toms, it is undisputed that ultimately the Court did not overrule Almendarez-Toms. See Apprendi, 530 U.S. at 489, 120 S.Ct. 2348.[1] In fact, Apprendi specifically held that “[ojther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” Id. at 490, 120 S.Ct. 2348 (emphasis added).
This Court’s decisions in United States v. Coleman and United States v. Ordaz further reaffirmed the continued validity of Almendarez-Toms. See United States v. Coleman, 451 F.3d 154, 159 (3d Cir.2006) (holding that Almendarez-Toms is good law after Apprendi); United States v. Ordaz, 398 F.3d 236, 241 (3d Cir.2005) (applying Almendarez-Toms to Sixth Amendment claims). We therefore conclude that the District Court did not err in applying an increased statutory maximum in this case, based on Villicana-Ibarra’s prior conviction.
IV.
For these reasons, we will affirm the District Court’s judgment.

. Specifically, the Supreme Court noted, "Even though it is arguable that AlmendavezTorres was incorrectly decided, and that a logical application of our reasoning today should apply if the recidivist issue were contested, Apprendi does not contest the decision's validity and we need not revisit it for purposes of our decision today to treat the case as a narrow exception to the general rule we recalled at the outset.” Id.